UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE,

    Plaintiff,                                          Case No. 4:20-cv-11609
                                                           Hon. Matthew F. Leitman

v.

WADE STREETER,

    Defendants.

_____/

**ORDER GRANTING PLAINTIFF'S MOTION TO**
**PROCEED UNDER A PSEUDONYM (ECF No. 2.)**

In this action, Plaintiff John Doe alleges that Defendant Wade Streeter sexually abused him and produced child pornography including images of him. Doe asserts claims against Streeter for "violation of 18 U.S.C. §§ 2255, 2422(b) and 2256." Doe also asserts claims under Michigan common law and for violation of a Michigan statute. (*See* ECF. No. 2.)

On June 18, 2020, Doe moved to proceed under a pseudonym. (*See* Motion, ECF No. 2.) Doe contends that he should be permitted to pursue this action under a pseudonym because he was a minor at the time of Streeter's alleged wrongdoing and because his claims touch on matters of great personal sensitivity. (*See id.*) Streeter has not filed any papers opposing Doe's motion.

1

"As a general matter, a complaint must state the names of all parties. Fed.R.Civ.P. 10(a). However, [courts] may excuse plaintiffs from identifying themselves in certain circumstances." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). "Several considerations determine whether a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings. They include: (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information 'of the utmost intimacy'; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children." *Id*.

Here, Doe's privacy interests outweigh the presumption of open judicial proceedings. His claims against Streeter arise from events that allegedly occurred when he was a minor and, more importantly, that relate to matters of the utmost intimacy. Courts have allowed plaintiffs to pursue similar claims under pseudonyms. *See, e.g., Doe v. Fowler,* 2018 WL 3428150 (W.D.N.C. 2018) (allowing adult plaintiff to proceed anonymously on claim related to inclusion in child pornography and collecting similar cases)*; Doe v. St. John's Episcopal Parish Day School, Inc,* 997 F.Supp.2d 1279, 1290 (M.D. Fla. 2014) (allowing adult plaintiff claiming prior sexual abuse to proceed under a pseudonym given sensitive nature of allegations).

For these reasons, the Court will allow Doe to proceed under a pseudonym at this time. The Court **GRANTS** Plaintiff's Motion to Proceed Under a Pseudonym.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: November 12, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 12, 2020, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764