UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JOHN DOE**,

    Plaintiff,                                               Case No. 20-cv-11609
                                                      Hon. Matthew F. Leitman

v.

**WADE P. STREETER**,

    Defendants.
_____/

### ORDER DENYING DEFENDANT'S MOTION TO STAY PROCEEDINGS IN THEIR ENTIRETY AND GRANTING REQUEST TO STAY DISCOVERY AGAINST DEFENDANT (ECF No. 6)

In this action, Plaintiff John Doe alleges that Defendant Wade Streeter sexually abused him and produced child pornography including images of him. Doe asserts claims against Streeter for "violation of 18 U.S.C. §§ 2255, 2422(b) and 2256." Doe also asserts claims under Michigan common law and for violation of a Michigan statute.

Last year, a grand jury in this district indicted Streeter on a number of child pornography offenses. He is incarcerated at the FCI Milan awaiting trial on those charges.

On October 16, 2020, Streeter moved for a stay of this action pending completion of his criminal case. (*See* ECF No. 6.) In the motion, Streeter contends

1

that some of the discovery sought from him in this case overlaps with the allegations in the pending criminal case against him. (*See id.*)

Doe has now responded to the motion. (*See* ECF No. 8.) Doe asks the Court not to stay the entire action but acknowledges that a stay of discovery directed to Streeter may be appropriate. (*See id.*)

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). A district court therefore has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). In some circumstances, it may be appropriate to stay a civil action in whole or in part to protect the Fifth Amendment rights of a party who is a defendant in a related criminal case.

The Court concludes that in this case, the best course of action is to temporarily stay discovery that is directed to Streeter but not to stay the remainder of the action. This path forward reasonably balances Doe's interest in proceeding with this action in an expeditious manner with Streeter's Fifth Amendment rights. The Court will preclude Doe from seeking discovery from Streeter for 120 days. Streeter may move to renew the stay before its expiration in 120 days. The Court will consider renewal at that time.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff shall not seek any discovery from Streeter until March 9, 2021. To the extent that Plaintiff has already served discovery requests on Streeter, Streeter need not respond to those requests until further order of the Court.

2. Streeter's motion to stay this action in its entirety is **DENIED**. This action shall proceed in all respects other than discovery directed to Streeter.

3. Streeter may move to extend the stay of discovery directed toward him by filing a motion prior to March 9, 2020.

**IT IS HEREBY ORDERED,**

         s/Matthew F. Leitman
         MATTHEW F. LEITMAN
         UNITED STATES DISTRICT JUDGE

Dated: November 12, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 12, 2020, by electronic means and/or ordinary mail.

         s/Holly A. Monda
         Case Manager
         (810) 341-9764